# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In Re:

ROCK CREEK FARMS, INC.,                                  Case No. 19-40227

        Debtor.

## DEBTOR'S CHAPTER 12 PLAN OF REORGANIZATION

COMES NOW the debtor, Rock Creek Farms, Inc., and proposes this as its Chapter 12 Plan of Reorganization.

1. **PROPONENT**: Rock Creek Farms, Inc. hereby proposes its plan of adjustment of its debts pursuant to Chapter 12, Title 11 United States Code. All terms herein shall have the definitions used in the Bankruptcy Code, the federal rules of bankruptcy procedure and the local rules of the United States Bankruptcy Court for the District of Kansas.

2. **SUBMISSION OF INCOME**: The Debtor shall pay to the Trustee such portion of its earnings and other future income as is necessary for the execution of this Plan. In no event shall the portion of Debtor's earnings and other future income paid to the Trustee be less than the Debtor's disposable income, or Best Interest of Creditor's Test, whichever is greater, for administration by the Trustee and distribution in accordance with this Plan. The Debtor's Plan shall be for a period of three years from the date that the first payment is due under this Plan ending on the date which is three (3) years thereafter. *It is intended by the Debtor that this definition of "Plan Period" shall allow the Debtor the favorable treatment afforded by the provisions of §1232 of the Bankruptcy Code*.

{T0461353}                            1

3.  **VESTING OF ASSETS**:  Except as hereafter specified in the Plan, confirmation of this Plan shall vest in the Debtor, free and clear of all liens and encumbrances, all assets of the Debtor's estate.

4.  **LIQUIDATION ANALYSIS**: A liquidation analysis is attached hereto as Exhibit A.

5.  **LIQUIDATION TEST**:  The value of the property to be distributed under this Plan on each Allowed Claim which is unsecured shall not be less than the amount that would be paid on such Claim if the bankruptcy estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code unless otherwise agreed by any of such Creditors.  Such calculations are included as part of the Liquidation Analysis attached hereto as Exhibit A.

6.  **CASH FLOW ANALYSIS**: A cash flow analysis is attached hereto as Exhibit B. To the extent that actual cash flow is less than what is required to implement the Plan, additional capital will be contributed by stockholders to assure payment of the amounts provided for in this Plan.

7.  **CLASSIFICATION OF CLAIMS**

The claims of Debtor's creditors herein are classified for purposes of this Plan as follows: All secured Creditors shall retain liens in collateral until payment as hereafter set forth is made to them.

> Class 1 - Administrative Claims
> This Class consists of all administrative expenses as allowed by the court pursuant to §507(a)(2) of the Bankruptcy Code: **PROVIDED THAT any Claim described and referred to in §1232 of the Bankruptcy Code shall be treated under this Plan as an Unsecured Claim that is not entitled to priority under §507 of the Bankruptcy Code.**
>
> Class 2 - Priority Unsecured Claims
> This Class consists of all priority unsecured claims.
>
> Class 3 – Secured Claims

{T0461353}                                                    2

Case 19-40227    Doc# 29    Filed 06/07/19    Page 2 of 9

This Class consists of allowed claims secured by a lien or security interest in property of the Debtor, which has not been or will not be avoided under bankruptcy law.

Class 4 - General Unsecured Claims
This Class consists of all allowed claims, exclusive of Class 1 and 2 claims, which are not secured by a lien or security interest in any property of the Debtor: **PROVIDED THAT any claim described and referred to in §1232 of the Bankruptcy Code shall be treated under this Plan as an Unsecured Claim that is not entitled to priority under §507 of the Bankruptcy Code**.

Class 5 – Equity Interest
This Class consists of the equity interest of Robin Hanna, and her son, Jacob Hanna, in the Debtor. Robin Hanna owns 80% of the stock in the Debtor and Jacob Hanna owes 20% of the stock. Both Robin Hanna and Jacob Hanna shall retain ownership of their stock in the Debtor.

8. **SPECIFIC TREATMENT OF CLAIMS**

**Class 1 - Administrative Claims**. Class 1 claims consist of those administrative expenses that are allowed by the Court pursuant to 11 U.S.C. §503 and described in 11 U.S.C. §507(a)(2). Debtor anticipates such claims to consist of unpaid fees to professionals and unpaid post-petition expenses in the approximate amount of $20,000. Class 1 creditors' claims will be paid as provided in the Order Approving Employment of Fisher, Patterson, Sayler & Smith, L.L.P., and in such orders as may hereafter be entered regarding employment of professionals.

**Class 2 - Unsecured Priority Claims**. This class consists of all allowed unsecured claims entitled to priority pursuant to 11 U.S.C. §507. Such claims are the following:

Jacob Hanna    $26,400.00

Any such allowed claims shall be paid in two equal installments with interest from the effective date of the Plan at 5% per annum with payment being made January 15, 2021, and January 15, 2022.

**Class 3 - Secured Claims**. This Class consists of claims secured in part or in full by an interest in the property of the Debtor. The Creditors involved in this Class are American

Mortgage Company, and the Graham County Treasurer. Each of these Creditors is fully secured. Each of these Creditors shall retain the liens securing such Claims which the Creditor held at the time of the commencement of the above-captioned bankruptcy case which are shown in the Liquidation Analysis attached to this Plan as Exhibit A except as otherwise provided by this Plan.

Creditors in Class 3 shall be paid as follows:

(A) American Mortgage Company's claims totaling $1,013,257 shall be paid in full with interest at 5% per annum amortized over a period of 30 years with the first payment being made on May 11, 2020, in the amount of $43,139.00, and payments of $34,695.00 thereafter on the 11th day of November, and the 11th day of May of each year until paid in full. This calculation assumes that the setoff asserted by Debtor against American Mortgage Company will be granted in full. To the extent the setoff is denied, the allowed claim of American Mortgage Company will be adjusted and the payments to American Mortgage Company will also be adjusted to provide for payment in full over 30 years at 5%.

(B) Graham County's claim of $12,060.37 shall be paid in full with interest at 5% with the first payment being made on May 11, 2020 in the amount of $2,786, and then payments annually in the amount of $2,807 for four (4) years on May 11 of each year until paid in full.

Any Creditor whose claims are included in this Class attempting to claim post-Petition fees, charges, and/or other expenses of any kind whatsoever against the Debtor, or against any property of the Debtor, including but not limited to the payment or reimbursement of any of such Creditor's attorney's fees and expenses, must first obtain the approval of the Bankruptcy Court as to the legal basis for the reasonableness of such items under Section 506(b) before any such items shall be payable under this Plan.

**Class 4 - General Unsecured Claims**. Class 4 consists of the allowed general unsecured claims. This Class shall receive the Debtor's disposable income over the three years of the Debtor's plan, together with such additional amount as is required to pay 100% of the allowed claims in this Class. All accumulated disposable income shall be paid to the Trustee at the conclusion of the Plan, together with such additional amount as is required to pay 100% of the allowed claims in this Class, before discharge is granted. The only allowed claim in this class is the claim of Dorothy McKenna in the amount of $38,799.75. In no event shall the amount to Class 4 be less than the liquidation value listed on the Liquidation Analysis attached as Exhibit A.

**Class 5 - Equity Interest.** Class 5 consists of the equity interest of Robin Hanna, and her son, Jacob Hanna, in the Debtor. Robin Hanna owns 80% of the stock in the Debtor and Jacob Hanna owes 20% of the stock. Both Robin Hanna and Jacob Hanna shall retain ownership of their stock in the Debtor.

9. **EXECUTORY CONTRACTS**: All executory contracts or leases not previously rejected by the Debtor are hereby rejected.

10. **EFFECTIVE DATE**: The Plan shall become effective ten (10) days after the entry of the Order of Confirmation by the United States Bankruptcy Court.

11. **TRUSTEE'S FEES**: In addition to payments to creditors provided for herein, the Trustee shall be entitled to Trustee's fees as allowed by law from the payment being tendered by the Debtor herein.

12. **DEBTOR'S RIGHT TO CURE**: The Debtor may cure any default in payment pursuant to this Plan by paying such payment within thirty (30) days of the date originally due.

{T0461353}     5

Case 19-40227     Doc# 29     Filed 06/07/19     Page 5 of 9

13. **PREPAYMENT**: Debtor reserves the right to prepay all or any part of their debts described herein after three (3) years following the effective date of this Plan.

14. **EFFECT OF CONFIRMATION**: The court shall retain jurisdiction of the assets of the estate pending the Debtor's discharge. The Debtor may seek modification of the Plan after confirmation pursuant to 11 U.S.C. § 1229 upon such notice as the court shall direct. Confirmation shall bind the Debtor, each creditor and each equity security holder as provided in 11 U.S.C. § 1227. Except as provided by separate court order, confirmation of the Plan shall continue to act as a stay of any action against the Debtor or property of the estate of the Debtor.

15. **DISCHARGE**: Upon completion of all payments provided for under the Plan, the Debtor shall be discharged by the court except as provided in 11 U.S. C. § 1228(a).

16. **MODIFICATION OF THE PLAN**: Except as otherwise provided for in this Plan, the Debtor reserves the right to modify this Plan at any time before entry of the Confirmation Order so long as the modification meets the requirements of §1222 of the Bankruptcy Code. If the Debtor files a modification, the modified Plan shall become the Plan, pursuant to §1223 of the Bankruptcy Code.

Except as otherwise provided for in this Plan, the Debtor further reserves the right to modify this Plan any time after the Confirmation Date, and before the completion of the payments to Unsecured Creditors, which modifications, if any, will comply with §1229 of the Bankruptcy Code.

17. **CLOSING OF THE CASE**: During the Plan Period, the Bankruptcy Court shall retain jurisdiction of the Debtor and its property. Upon completion of all payments provided for under the Plan, an appropriate order shall be entered closing the above-captioned case. The order closing the case shall specifically include, in addition to the normal injunctive relief against

Creditors taking any further actions to enforce their Claims or liens (except to the extent such are maintained and extended under this Plan), provisions stating that any term or provision of any promissory note or security agreement or mortgage or any other document between the Debtor and Creditors which provides that the filing of bankruptcy or other insolvency proceedings shall operate as a default under such agreement, or other similar language, and/or provides for liquidated damages, shall be declared null and void, and Creditors under this Plan shall be enjoined from instituting or continuing any legal action to enforce such term or provision. Further, the order closing the above-captioned case shall provide that all jurisdiction of the Bankruptcy Court terminates, except that the above-captioned cases may be reopened to enforce the injunctions contained in such order.

                ROCK CREEK FARMS, INC., Debtor

PREPARED BY:

FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
3550 S.W. 5th Street
Topeka, KS 66606
(785) 232-7761 / (785) 232-6604 – fax
jking@fisherpatterson.com


/s/ Justice B. King
Justice B. King          #09009
**Attorney for Debtor**

# CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June, 2019, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system, which sent notifications to all parties of record. Further, I hereby certify that I caused the foregoing to be served by U.S. Mail, postage prepaid, on the following:

Carl B. Davis
Chapter 12 Bankruptcy Trustee
District of Kansas
300 W. Douglas, Suite 650
Wichita, KS 67202

W. Rick Griffin
Samantha M. H. Woods
Martin, Pringle, Oliver, Wallace & Bauer, L.L.P.
100 N. Broadway, Suite 500
Wichita, KS 67202
**Attorneys for American Mortgage Company**

American Mortgage Company
410 Rodeo Road
North Platte, NE 69101

Donald F. Hoffman
P.O. Box 579
Hays, KS 67601

Dorothy McKenna
1875 T Road
Penokee, KS 67659

Graham County Treasurer
410 N. Pomeroy, Ste. 4
Hill City, KS 67642

J. Jacob Hanna
1875 T Road
Penokee, KS 67659

Jill Elliott
Graham County Attorney
301 North Pomeroy Avenue
Hill City, KS 67642

John V. Riedel
1542 160th Ave.
Morland, KS 67650

Robin M. Hanna
202 E. Cedar St
Hill City, KS 67642

Ross Wichman
P.O. Box 1700
Hays, KS 67601

/s/ Justice B. King
Justice B. King